NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

THE ESTATE OF EMANUELE
TROVATO

            Plaintiff,

v.

MARCAL MANUFACTURING LLC,
ABC CORPORATION 1-10, JOHN
DOES 1-10
            Defendants.

_____

:
:
:
:
:
:
:
:
:
:
:
:
:
:

**Hon. Dennis M. Cavanaugh**

**OPINION**

Civil Action No. 11-CV-181(DMC)(MF)

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

       This matter comes before the Court upon motion by Marcal Manufacturing, LLC ("Marcal" or "Defendant") to dismiss the Third Count of the Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard.  For the reasons set forth below, Defendant's motion to dismiss is **granted**.

## I.    BACKGROUND[1]

       Emanuele Trovato ("Trovato") was employed by Marcal as a Senior Purchasing Agent.  During the course of his employment, Trovato was afflicted with lung cancer and required significant treatment. Defendant allegedly knew Trovato was afflicted with and being treated for lung cancer during the time of his employment.  Trovato allegedly was not prevented from performing the required duties of a Senior Purchasing Agent at any time while he was receiving treatment.  On October 10, 2008, Trovato's

_____

[1] These facts have been adopted from the parties' respective submissions.

employment with Marcal was terminated.

While Trovato was employed by Marcal he was covered by a group life insurance policy (the "policy"). Marcal asserts that the policy is an Employee Retirement Income Security Act of 1974 ("ERISA") covered plan. Coverage under the Policy could terminate for a number of reasons, including termination of the individual's employment. The Policy provides a covered employee, such as Trovato, the right to convert the group insurance coverage plan to an individual plan without providing evidence of insurability. In order to covert the coverage, the Policy provides for two steps that must be initially followed for conversion to occur: (1) the individual must complete a Notice of Conversion Right form; and (2) Marcal must sign that form. Under the Policy, an employee has to return the completed form within thirty-one (31) days after the life insurance terminates or fifteen days after the date Marcal signs the forms, whichever is later. Also, under the Policy, requests for conversion will not be accepted if received by the insurance carrier more than ninety-one (91) days after the life insurance terminates.

Trovato's coverage under the Policy terminated on October 10, 2008. Thirty-one days after October 10, 2008 was November 10, 2008; ninety-one days after October 10, 2008 was January 9, 2009. Trovato died on January 24, 2009, and at the time of his death he was not covered by the Policy.

On April 23, 2009, the Estate of Emanuele Trovato ("Plaintiff") filed a two count Complaint against Marcal in the Superior Court of New Jersey, Law Division, Passaic County, and on December 16, 2010, Plaintiff filed an Amended Complaint adding a third count. The Amended Complaint alleges: that Trovato's employment was terminated in violation of the New Jersey Law Against Discrimination ("NJLAD") based on his age (Count 1); and perceived disability (Count 2); and that upon termination of Trovato's employment, Marcal failed to provide him with the required notice of the ability to convert the group life insurance policy (under which he had been covered) to a personal policy in violation of

N.J.S.A. 17B:27-73 (Count 3).

After Count 3 was added to the Amended Complaint, Marcal removed the action from state court on the basis of federal question jurisdiction. Marcal subsequently filed an Answer as to Counts 1 and 2, and the instant motion to dismiss Count 3.

## II.   LEGAL STANDARD

In deciding a motion under Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a ... motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations omitted). "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Instead, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 555.

"A complaint will survive a motion to dismiss if it contains sufficient factual matter to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Id. "Determining whether the allegations in a complaint are 'plausible' is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Young v. Speziale, 2009 WL 3806296, *3 (D.N.J. Nov. 10, 2009) (quoting Iqbal, 129 S.Ct. at 1950). "[W]here the well-

3

pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1950.

## III.  DISCUSSION

Marcal moves to dismiss Count 3 for failure to state the claim pursuant to Rule 12(b)(6).  Marcal argues there are two bases for its motion.  First, Marcal argues that Plaintiff's claim is preempted by ERISA.  Second, Marcal argues that even if the claim is not preempted by ERISA, the claim must still be dismissed because another Court within this District has determined that the cause of action asserted does not exist.

### 1. ERISA Preemption

ERISA has a broad preemption clause, which provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a) (also known as "Section 514(a)").  "The phrase 'relate to' [is] given its broad common-sense meaning, such that a state law 'relates to' a benefit plan in the normal sense of the phrase, if it has a connection with or reference to such a plan." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47-48 (1987) (internal citations omitted); see also Kollman v. Hewitt Assocs., L.L.C., 487 F.3d 139, 147 (3d Cir.2007); Campo v. Oxford Health Plans, No. 06-cv-4332, 2007 WL 1827220, *7 (D.N.J. June 26, 2007).  "[T]he pre-emption clause is not limited to state laws specifically designed to affect employee benefit plans." Pilot Life Ins., 481 U.S. at 47-48 (internal citations omitted).

However, the ERISA preemption clause is not absolute.  Under ERISA's "savings clause," a state law that regulates insurance is "saved from preemption." Kentucky Ass'n of Health Plans, Inc. V. Miller, 538 U.S. 329, 333 (2003); see also 29 U.S.C. §1144(b)(2)(A) ("[N]othing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking,

4

or securities."). For a statute to "regulate insurance," and thereby satisfy the savings clause two requirements must be met. "First, the state law must be specifically directed toward entities engaged in insurance." Kentucky Ass'n, 538 U.S. at 341. Second, "the state law must substantially affect the risk pooling arrangement between the insurer and the insured." Id.

In determining whether a state law claim is preempted by ERISA, congressional intent is "the ultimate touchstone" in the Court's analysis. Kollman, 487 F.3d at 148. "[T]he ERISA preemption provision was designed to eliminate the threat of conflicting or inconsistent State and local regulation of employee benefit plans." Kollman, 487 F.3d at 149 (internal citations omitted). In other words, "the purpose of the ERISA preemption is to eliminate claims that would interfere with the ERISA plans." Id.

Marcal argues that Count 3 must be dismissed because the state law claim is preempted by ERISA. Marcal argues that several courts have held that state law claims (both statutory and common law) arising from an allegedly improper notice of an individual's right to convert a group life insurance policy to an individual policy are preempted by ERISA. See e.g. Howard v. Gleason Corp., 901 F.2d 1154 (2d Cir. 1990); Rogers v. Rogers and Partners, No. 08-cv-11730, 2009 WL 5124652 (D. Mass. July 27, 2009); Strohmeyer v. Metropolitan Life Ins. Co., 365 F. Supp. 2d 258 (D. Conn. 2005). Given that the state law claim in Count 3 is based on the alleged failure to provide notice of conversion rights, Marcal argues that this state law claim is similarly preempted. Additionally, Marcal argues that when considering a similar statute, N.J.S.A. 17B:27A-27, which requires notification of continuation rights for certain benefits, this Court previously found that the state law claim was preempted. See Campo v. Oxford Health Plans, No. 06-cv-4332, 2007 WL 1827220 (D.N.J. June 26, 2007). Furthermore, Marcal argues that N.J.S.A. 17B:27-73 does not satisfy the requirements necessary for the savings clause because it is not specifically directed at insurers and it does not substantially affect the risk pooling arrangement

between the insurer and insured.

Plaintiff's opposition to Marcal's motion is largely confusing and unpersuasive.  The bulk of Plaintiff's brief relies on cases from before ERISA was enacted, and is addressed to whether or not Marcal was negligent in allegedly failing to provide Trovato with notice of the ability to convert the insurance policy.  Obviously cases that pre-date ERISA are, by definition, not authoritative on whether or not a state statute is preempted by ERISA.  Additionally, this Court is at a loss as to why Plaintiff is arguing that it has sufficiently alleged negligence on the part of Marcal; negligence is *not* an element of Count 3, and whether or not Marcal was negligent in failing to provide notice has no bearing on whether Count 3 is preempted by ERISA.  To the extent Plaintiff argues that N.J.S.A. 17B:27-73 is not preempted by ERISA because it is excepted from ERISA's preemption under the savings clause, the argument is equally unavailing.

This Court finds that ERISA's broad preemption provision applies to N.J.S.A. 17B:27-73 because the state statute is "related to" an employee benefit plan; N.J.S.A. 17B:27-73 is directed at notice requirements as they relate to a benefit plan, and if claims under this statute were not preempted by ERISA the result would be  inconsistent and conflicting regulation of employee benefit plans.  Additionally, this Court finds that N.J.S.A. 17B:27-73 is not excepted from preemption because it does not satisfy the requirements for the savings clause.  First, the statute is not specifically directed to the insurance industry, but rather may be directed toward either the insurer or the employer. In fact, Plaintiff is trying to hold an employer, *not an insurer*, liable for violating the statute.  Second, given that the statute simply regulates the notice of rights, it cannot be said to substantially affect the risk pooling between the insurer and the insured.  Courts have routinely held that statutes requiring notice of conversion rights to be given to an individual are preempted by ERISA, see e.g. Campo v. Oxford Health

6

Plans, No. 06-cv-4332, 2007 WL 1827220 (D.N.J. June 26, 2007); Howard v. Gleason Corp., 901 F.2d 1154 (2d Cir. 1990); Noel v. Laclede Gas Co., 612 F. Supp. 2d 1051 (E.D.Mo. 2009); Rogers v. Rogers and Partners, No. 08-cv-11730, 2009 WL 5124652 (D. Mass. July 27, 2009), and this Court finds no reason that the state law claim at issue here should not likewise be preempted.

Based on the foregoing, this Court finds that Plaintiff's claim in Count 3 is preempted by ERISA. Since this Court agrees that ERISA preempts Plaintiff's claim in Count 3, this Court need not address Marcal's additional arguments as to why Count 3 should be dismissed.  Accordingly, Marcal's motion to dismiss Count 3 is **granted**.

The Court notes that Plaintiff also put forth an argument as to why Plaintiff should still be able to recover even if Count 3 is preempted.  It appears that Plaintiff is arguing Marcal should be held liable for breaching the fiduciary duty it owed to Trovato in relation to the ERISA plan.  Regardless of the merits, if any, of such an argument, this Court is not at liberty to fashion a remedy out of whole cloth on a cause of action Plaintiff has not asserted.  Plaintiff did not bring a claim against Marcal for breach of fiduciary duty, and this Court cannot deny Marcal's motion to dismiss based on the alleged merits of a nonexistent claim.

## IV.   CONCLUSION

For the foregoing reasons, Marcal's motion to dismiss Count 3 for failure to state a claim is granted.

  S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:          September  29 , 2011
Original:      Clerk
cc:            All Counsel of Record
               Hon. Mark Falk, U.S.M.J.
               File

7